J-A32007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS CARL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| GREGORY R. NOONAN AND WALFISH AND NOONAN, LLC | |
| Appellee | No. 2255 EDA 2013 |

Appeal from the Order July 2, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2011 No. 4922

BEFORE:  PANELLA, J., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.　　　　　　　**FILED MARCH 24, 2015**

Appellant, Thomas Carl, appeals from the order granting summary judgment entered on July 2, 2013.  After careful review, we reverse and remand.

As we write primarily for the parties, we set forth only so much of the factual and procedural history of this case as is necessary for our decision. Carl retained Appellee, Gregory R. Noonan, a partner at Walfish and Noonan, LLC, to file a federal employment discrimination claim.  After reviewing his claim, the Equal Employment Opportunity Commission ("EEOC") mailed

_____

[*] Former Justice specially assigned to the Superior Court.

"right to sue" notices to Carl and Noonan. Unfortunately, the address used for Carl was incorrect, and only Noonan received the letter.

Noonan never advised Carl of his receipt of the EEOC notice. No complaint was filed on behalf of Carl against his employer within the applicable limitations period. Carl did file such a suit subsequently, but it was dismissed as untimely.

Carl subsequently filed the instant legal malpractice action against Noonan and his firm. Carl notified Noonan of his intent to depose the attorney, John McAuliffe, Esq., that had filed his ill-fated employment discrimination suit. In the notice, Carl indicated that Noonan was an expert witness. Noonan did not appear or send a representative to the deposition. Two days after the deposition, Carl notified Noonan that Attorney McAuliffe's testimony would be used as expert testimony in the case, and that the deposition contained all relevant information.

Over a year later, on the eve of trial, Noonan filed a motion *in limine* and a motion for summary judgment seeking, respectively, preclusion of Attorney McAuliffe as an expert witness and dismissal of Carl's case. Carl was not provided an opportunity to file written answers to these motions, and following oral argument, the trial court granted both motions and dismissed Carl's complaint. This timely appeal followed.

On appeal, Carl argues that the trial court erred in granting the motions filed by Noonan. The trial judge who granted the motions retired

shortly thereafter, and we do not have the benefit of his reasoning on appeal. In his stead, the Honorable Lisa M. Rau has filed an opinion, concluding that the orders are not legally supported, and requesting this Court to reverse and remand.

We review a challenge to the entry of summary judgment as follows.

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

After reviewing the certified record and Appellant's brief,[1] we agree with Judge Rau. We therefore reverse and remand on the basis of Judge Rau's comprehensive and thorough analysis in her opinion submitted to this Court. *See* Trial Court Opinion, 7/22/14, at 1-17.

---

[1] Appellees have not filed a brief with this Court.

Order reversed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/24/2015

COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| THOMAS CARL, | : | |
| Appellant, | : | JANUARY TERM, 2011 |
| | : | NO. 04922 |
| v. | : | |
| GREGORY R. NOONAN and | : | |
| WALFISH AND NOONAN, LLC, | : | 2255 EDA 2013 |
| Appellee. | : | |

Carl Vs Noonan Etal-OPFLD

RAU, J.[1]



11010492200099

**OPINION**

## I.  INTRODUCTION

Plaintiff-Appellant Thomas Carl appeals the grant of summary judgment in this legal-malpractice action where on the day of the scheduled trial the trial judge precluded Plaintiff-Appellant's expert evidence based on Defendants-Appellees' assertion that they had never been properly noticed of Plaintiff-Appellant's expert witness, nor received the expert's report or qualifications. Plaintiff-Appellant Thomas Carl filed a Complaint against Defendants-Appellees Gregory R. Noonan[2]

---

[1] Judge Gary DiVito was the trial judge in this case. The appeal was filed on July 29, 2013. Judge DiVito retired from this Court in early 2014 prior to writing an opinion in this case. To assist the Superior Court in its review, it fell to this judge to submit an opinion in Judge DiVito's stead by reviewing the facts in the record and the law. This judge is obviously limited to some degree in knowing precisely Judge DiVito's mental impressions or reasoning when he made his decisions so in that regard this opinion is necessarily incomplete.

[2] Appellee Noonan was arrested on drug charges in December 2013. Carolyn Davis, Montco Lawyer Waives Preliminary Hearing on Drug Charges, PHILLY.COM, http://articles.philly.com/2014-01-05/news/45862144_1_preliminary-hearing-drug-charges-district-judge-margaret-hunsicker (last visited Mar. 28, 2014). Appellee Noonan pled guilty in state court on April 7, 2014, to selling oxycodone, criminal use of a communication facility, and dealing in the proceeds of illegal activity. Com. v. Noonan, CP-46-CR-0000130-2014. See also Carolyn Davis, Noonan Pleads Guilty to Selling Oxycodone, PHILLY.COM, http://articles.philly.com/2014-0409/news/48974618_1_

1

and Walfish and Noonan, LLC (hereinafter "Appellee Noonan"), alleging professional negligence and breach of contract in connection with their agreement to represent him in his federal employment-discrimination and other related claims against his former employer. His federal claims were dismissed as being time-barred.

Shortly before jury selection in this legal malpractice action, alleging claims of negligence and breach of contract, Appellee Noonan submitted a combined motion in limine and motion for summary judgment, arguing that Appellant Carl could not make out a prima facie case of legal malpractice because he lacked expert evidence. The trial judge precluded Appellant Carl's use of expert testimony, even though Appellant Carl *did* have expert evidence in the form of deposition testimony and had notified Appellee Noonan of it. Appellant Carl filed this appeal, contending that the trial court erred by precluding his expert evidence, by considering the motion after the deadline, and by not allowing a response to the motion. The trial judge who handled this matter retired from the bench prior to writing an opinion so it has fallen to this judge to write an opinion in his stead.

Although Appellant Carl proffered his expert testimony in a nontraditional manner, it nonetheless did meet legal requirements and summary judgment should not have been granted against him. Accordingly, this judge recommends

oxycodone-carpenter-gregory-noonan (last visited May 30, 2014). Appellee Noonan has also been disbarred. Carolyn Davis, Montco's Gregory Noonan Resigns from the Bar, PHILLY.COM, http://www.philly.com/philly/news/local/20140307_Montco_s_Gregory_Noonan_resigns_from_the_bar.html (last visited Apr. 1, 2014). He submitted his statement of resignation from the bar on January 10, 2014, asserting that his resignation stemmed both from the criminal drug trafficking charges he faced and from his having dishonestly attempted to defraud a compensation carrier of its third-party subrogation lien. The Supreme Court of Pennsylvania accepted the resignation and disbarred him on February 27, 2014. See Order of Feb. 27, 2014, Office of Disciplinary Counsel v. Noonan, No. 140 DB 2013, available at http://www.pacourts.us/assets/ opinions/ DisciplinaryBoard/out/140DB2013-Noonan.pdf (last visited Apr. 1, 2014).

2

that the Superior Court remand this case for a trial on the merits.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Appellant Thomas Carl, who is of Irish descent, retained Appellee Noonan to represent him in a lawsuit against his former employer, Western-Southern Life Insurance Company, for discrimination "based on religion, national origin, disability, ancestry, and ethnicity" in violation of the Civil Rights Act of 1964 and other laws. (Compl. ¶ 2.); Carl v. W.-S. Life Ins. Co., 2010 WL 3860432 at n.1, *2 (E.D. Pa. Sept. 30, 2010). Appellant Carl alleged that in his sales representative position, he was discriminated against and harassed by his supervisor until he was constructively discharged. Id. at *1. The federal court dismissed all claims for failure to state a claim upon which relief could be granted, in part because the claims were time-barred. Id. at *1, *5.

Appellant Carl then brought this legal malpractice case against Appellee Noonan. Appellant Carl alleged that the Equal Employment Opportunity Commission (EEOC) did not mail him his "right to sue" letter at his correct address, and thus he did not receive his "right to sue" letter, but that Appellee Noonan did receive the letter at the firm's address. (Compl. ¶¶ 4–6.) Appellant Carl alleged that Appellee Noonan failed to notify him when he received a "right to sue" letter in the employment-discrimination action and failed to file a timely complaint in federal court on his behalf. Appellant Carl alleged that Appellee Noonan's errors led to his claims being time-barred. (Compl. ¶¶ 7–8.)

Appellees Gregory R. Noonan and his firm, Walfish and Noonan, LLC, did not have professional liability insurance, and thus represented themselves

3

107

throughout the course of this case. Appellee Noonan was not disbarred until after the trial judge dismissed the claims against him and his firm.

During discovery in this case, Appellant Carl served Appellee Noonan with a Notice of Oral Deposition of John McAuliffe, Jr., Esq., an attorney who was to be Appellant Carl's expert witness, to take place on March 13, 2012,[3] stating:

> "The scope and purpose of this deposition is to substantially aid the Plaintiff in the preparation and trial of this case as provided for in the Rules and to perpetuate the testimony of any aged infirm or going [sic] witness, party, physician, expert or records which may in the future be destroyed or otherwise unavailable."

(See letter, Court Ex. A.) Appellee Noonan did not appear at the deposition nor did he send any counsel in his stead. (Mot. Tr. vol. 1 14:7–8, Jul. 2, 2013.) (See transcript, Court Ex. B.) Appellant Carl advised Appellee Noonan in a letter dated March 15, 2012, two days after the deposition, that Mr. McAuliffe's testimony would be used as Appellant's expert testimony: "Be advised that the testimony provided by Mr. McAuliffe will be used as our expert testimony in this case and his qualifications are set forth in that deposition." (See letter, Court Ex. C.) Appellee Noonan acknowledged receiving that letter. (Court Ex. B; Mot. Tr. vol. 1 17:22–18:2.) At deposition, Mr. McAuliffe testified to his experience as an attorney and specifically to his familiarity with federal discrimination law. (Pl. Mot. for Recons. Ex. B, McAuliffe Dep. 5:9–6:2, Mar. 13, 2012.) (See deposition, Court Ex. D.) Mr. McAuliffe further testified that Appellee Noonan's failure to advise Appellant Carl of the EEOC's decision fell below the standard of care for an attorney, and also that his failure to file a state administrative claim on Appellant Carl's behalf fell below

---

[3] The Notice says "2010," apparently in error, but the letter that introduces it, sent in January 2012, says "2012."

4

the standard of care. (Court Ex. D; Pl. Mot. for Recons. Ex. B, McAuliffe Dep. 7:11-20, Mar. 13, 2012.) Mr. McAuliffe testified that Appellant Carl could have been successful on the substance of his discrimination claims but for the statute of limitations bar that Appellee Noonan caused. (Court Ex. D; Pl. Mot. for Recons. Ex. B, McAuliffe Dep. 8:18-10:1, Mar. 13, 2012.)

Over a year passed after the deposition and Appellant Carl's notice to Appellee Noonan of his plans to use Mr. McAuliffe as his expert. Then, on June 27, 2013, five days before jury selection was set to take place, Appellee Noonan filed a combined motion in limine and motion for summary judgment arguing that Appellant Carl did not submit either the curriculum vitae of Mr. McAuliffe or his expert report, in conflict with the Case Management Order ("CMO"), which called for Appellant Carl to submit those to the defense no later than September 4, 2012. (See CMO, Court Ex. E.) The same CMO called for all pretrial motions to be filed no later than October 1, 2012.[4] Appellee Noonan's motion also stated that Mr. McAuliffe served as Appellant Carl's attorney in his federal employment discrimination action and argued that because Mr. McAuliffe was previously Appellant Carl's attorney, he was biased because he would try to protect himself.

The trial judge scheduled oral argument on July 2, 2013, the day that trial was scheduled to begin. Appellee Noonan argued that Mr. McAuliffe was identified only as a fact witness, (Court Ex. B; Mot. Tr. vol. 1 13:23-24, Jul. 2, 2013), that Mr. McAuliffe was identified as an expert only months after the deposition (Court Ex. B; Mot. Tr. vol. 1 14:8-10, Jul. 2, 2013), that Appellee

---

[4] The Court also issued a pretrial Order on January 7, 2013, in which it stated that motions in limine were to be filed no later than thirty days before jury selection. Appellee Noonan's motion in limine was filed beyond that deadline as well. (See Order, Court Ex. F.)

Noonan never received his curriculum vitae or expert report (Court Ex. B; Mot. Tr. vol. 1 14:10–12, Jul. 2, 2013), that Mr. McAuliffe would not be present at trial and so there would be no opportunity to cross-examine him (Court Ex. B; Mot. Tr. vol. 1 14:12–13; 20–21, Jul. 2, 2013), and that the defense never knew Mr. McAuliffe would be used as an expert (Court Ex. B; Mot. Tr. vol. 1 14:14–17, Jul. 2, 2013).

Appellant Carl argued that he had given notice that Mr. McAuliffe would serve as his expert and that the deposition transcript served as the report and description of qualifications. (Court Ex. B; Mot. Tr. vol. 1 21:9–12, Jul. 2, 2013.) Appellee Noonan acknowledged during oral argument on July 2, 2013 that the March 15, 2012, letter, sent nearly 16 months earlier, made him "aware" that Appellant was "going to use Mr. McAuliffe as their expert witness for malpractice" in the case. (Court Ex. B; Mot. Tr. vol. 1 17:22–18:2.) Appellant Carl wrote in the letter that Mr. McAuliffe's qualifications and testimony had been covered in the deposition that Appellee Noonan had been notified about and chosen not to attend. (See letter, Court Ex. C.) Mr. McAuliffe's deposition had been attached to the settlement conference memorandum that named Mr. McAuliffe as "plaintiff's expert." (See Plaintiff's Settlement Conference Memorandum, Court Ex. G.)

At oral argument, the trial judge observed Mr. McAuliffe's absence from the courtroom. Appellant Carl's counsel explained that Mr. McAuliffe could not attend on the day of trial because of life-threatening heart problems and stated that he had forwarded a letter from Mr. McAuliffe's physician to defense counsel to that effect the previous week, on June 25, 2013. (Court Ex. B; Mot. Tr. vol. 1 22:5–20, Jul. 2, 2013.) The trial judge said he also had a physical copy of the doctor's

6

110

letter. (Court Ex. B; Mot. Tr. vol. 1 22:15–16, Jul. 2, 2013.)

Nevertheless, the trial judge granted Appellee Noonan's motion that had asserted that they had never been properly noticed of Appellant Carl's expert witness nor received the expert's report or qualifications. With Appellant Carl's expert precluded, the case was dismissed. The same day, Appellant Carl filed a written motion for reconsideration of his expert's preclusion. The motion was denied.

Appellant Carl appealed. Appellant Carl itemized seven matters complained of on appeal in his 1925(b) statement, which are summarized as follows:

> (1) The Court erred in granting the motion precluding the expert as there was no legal basis because Appellant complied with the rules regarding disclosure of experts (Items 3 and 6);
>
> (2) the Court erred in considering the motion that was filed late and in violation of the CMO's deadlines (Items 1 and 5);
>
> (3) the Court erred in failing to allow Appellant Carl to answer the motion (Items 2 and 4); and
>
> (4) the "Court erred, if grant of the motions was based upon the content of the depositions, since defendants, by not lodging objections to questions at the depositions, waived any objection to the form of the question" (Item 7).

In February 2014, this judge ordered briefs from both sides since she had not been the trial judge and wanted to give the parties the opportunity to focus her attention on specific appellate issues and explain any relevant facts or procedural history. The parties accordingly briefed the issues.

## III.   LEGAL DISCUSSION

The Superior Court has outlined its standard of review of a grant of

7

111

summary judgment:

> "When reviewing a grant of a motion for summary judgment, our review is plenary. We will not disturb the trial court's order absent an error of law or abuse of discretion. Where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party."

Long v. Ostroff, 854 A.2d 524, 527–28 (Pa. Super. Ct. 2004) (internal citations and quotations omitted).

### A. Expert Evidence

Appellee Noonan claimed summary judgment should be granted because Appellant Carl lacked expert evidence, having not timely identified Mr. McAuliffe as an expert witness or provided the written curriculum vitae and a report of Mr. McAuliffe. He also argued that Mr. McAuliffe would be biased because he served as Appellant Carl's counsel after Appellee Noonan.

In a case that presented strikingly similar circumstances, the Superior Court held that notice of the kind provided in this case, and the use of a deposition as an expert report, are indeed sufficient. Jistarri v. Nappi, 549 A.2d 210, 217 (Pa. Super. Ct. 1988). In Jistarri, the Superior Court discussed Rule 4003.5's provisions governing discovery of expert testimony:

> "Rule 4003.5 provides that a party may, through interrogatories, require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to have the expert state, either in answers to the interrogatories or in a separate report, the substance of the facts and opinions to which he or she is expected to testify and a summary of the grounds for each opinion."

Id. at 217 (Pa. Super. Ct. 1988). In this case, the record does not show that

8

112

Appellee Noonan ever sought identification of experts through interrogatories, although the Case Management Order (CMO) did impose a deadline by which Appellant Carl had to identify, and submit curriculum vitae and expert reports of, all expert witnesses who were meant to testify at trial.

Appellant Carl *did* identify the expert witness, both in the notice of deposition that mentioned expert evidence and in the letter sent to Appellee Noonan two days after the deposition—months before the CMO deadline, and over a year before Appellee Noonan's motion. In the letter, Appellant Carl advised that the deposition, a transcript of which Appellee Noonan was free to obtain, contained Mr. McAuliffe's qualifications and expert evidence—in other words, the substance of a curriculum vitae and expert report, as called for by the CMO. Appellee Noonan acknowledged receiving this letter. (Court Ex. B; Mot. Tr. vol. 1 17:22–18:2.) Mr. McAuliffe was also named as an expert in Plaintiff's Settlement Conference Memorandum.

Similarly, in Jistarri, although "the notification procedure . . . was hardly ideal," defendants were not denied notice that the person in question would be called as an expert witness. Id. In Jistarri, plaintiff's counsel informed defendant's counsel by letter almost five months prior to trial that a doctor would be offered as an expert witness "and that his opinion testimony would be that which was contained in his deposition." Id. In this case, Appellee Noonan was on notice that Mr. McAuliffe would be Appellant Carl's expert witness for over a year before trial.

The Superior Court in Jistarri explained its reasoning in light of the purpose of the rule on discovery of expert testimony:

9

113

"The purpose of Rule 4003.5 is to prevent the unfairness that would occur if one party were unable to counter the expertise of a surprise witness produced at the last minute by the opposing party. The notice provided by appellant in the present case was sufficient to allow appellees to counter the opinion testimony, in whatever form it might be offered, of Dr. Codario."

Id. (internal citation omitted). Here, similarly, there was no surprise. Appellant Carl did not offer the expert at the last minute, and there would have been no unfairness to Appellee Noonan.

Since deciding Jistarri, the Superior Court has provided more guidance as to what would constitute unfair surprise. "Adequate notice to the defendants was not given where plaintiffs' counsel waited until the day trial commenced to furnish counsel for the defendants a written copy of the expert's report. We have held that the giving of five months notice that a person will be called as an expert is adequate." Freeman v. Maple Point, Inc., 574 A.2d 684, 689 (Pa. Super. Ct. 1990) (citing Jistarri, 549 A.2d at 217). Thus, the Superior Court has clearly held that the notice of expert testimony provided in Jistarri—almost identical to the notice provided in *this* case, in the form of a letter sent long before trial that said that the deposition itself would serve in lieu of a formal report—did not fail to comport with the rules and was sufficient.

Rule 4003.5 provides for fairness and the prevention of last-minute surprise. In this case, the only thing that occurred at the last minute was Appellee Noonan's untimely motion for summary judgment claiming lack of notice of the expert. Appellee Noonan admitted he was aware that Appellant Carl had identified Mr. McAuliffe as his expert over a year before trial yet he never objected until he filed his combined motion for summary judgment and motion in limine just five

10

114

days before trial.

As the Supreme Court of Pennsylvania has explained:

"'Abuse of discretion' is synonymous with a failure to exercise a sound, reasonable, and legal discretion. It is a strict legal term indicating that appellate court is of opinion that there was commission of an error of law by the trial court. It does not imply intentional wrong or bad faith, or misconduct, nor any reflection on the judge but means the clearly erroneous conclusion and judgment—one is that clearly against logic and effect of such facts as are presented in support of the application or against the reasonable and probable deductions to be drawn from the facts disclosed upon the hearing; an improvident exercise of discretion; an error of law."

Com. v. Powell, 590 A.2d 1240, 1244 n.8 (Pa. 1991) (quoting Black's Law

Dictionary (5th Ed. 1979)). Dismissal of this case was inconsistent with Jistarri

and Freeman, and so the case should be remanded for trial on the merits.

Furthermore, this case was dismissed on the grounds that Appellant Carl

failed to conform to discovery rules for expert evidence. But Appellant Carl *did*

comply with the rules, albeit in a nontraditional way. When dismissal occurs owing

to a discovery violation, it should occur only in rare, severe circumstances.

Pennsylvania Rule of Civil Procedure 4019 allows for dismissal as a discovery

sanction. Stewart v. Rossi, 681 A.2d 214, 217 (Pa. Super. Ct. 1996). "However,

since dismissal is the most severe sanction, it should be imposed only in extreme

circumstances, and a trial court is required to balance the equities carefully and

dismiss only where the violation of the discovery rules is willful and the opposing

party has been prejudiced." Id.

Appellee Noonan also argued summary judgment should be granted due to

Mr. McAuliffe's purported bias. But any bias would affect only the *weight* of his

testimony, not its *admissibility.* "The test to be applied when qualifying an expert

11

115

witness is whether the witness has **any** reasonable pretension to specialized knowledge on the subject under investigation. If he does, he may testify and the weight to be given to such testimony is for the trier of fact to determine." Miller v. Brass Rail Tavern, Inc., 664 A.2d 525, 528 (Pa. 1995) (emphasis in original).

During oral argument but not in his written motion, Appellee Noonan also claimed summary judgment should be granted because Mr. McAuliffe was absent from the courtroom on the day of trial. Mr. McAuliffe was absent from the courtroom for apparent medical reasons supported by a physician's letter. Although it is unknown whether this last-minute argument about Mr. McAuliffe's unavailability on the day of trial played any role in the trial judge's decision to grant summary judgment, the rules require a hearing to determine if deposition testimony can substitute for the unavailable witness rather than excluding the witness' testimony. Pa.R.C.P. 4020(a)(3)(c); Pa.R.E. 804(b)(1). Alternatively, the trial judge could have continued the trial until Mr. McAuliffe was medically able to testify. Consequently, if the Court's dismissal of the action was on this basis, it was inappropriate.

If a court finds "that the witness is unable to attend or testify because of . . . sickness," deposition testimony can be substituted for in-person testimony. Evidence rules permit prior deposition testimony to be used where the witness is unavailable for trial "if the party against whom the testimony is now offered . . . had an adequate opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Pa.R.E. 804(b)(1). In this case, Appellee Noonan received notice of Mr. McAuliffe's deposition but chose not to attend, did not lodge

12

116

any objections between the time the deposition was taken and the deadline for pretrial motions even after Appellant Carl notified him that he would use it as expert testimony, and waited until just five days before trial to object in the form of the motion.

There is striking factual similarity between this case and a case the Superior Court recently decided. Jones v. Mercy Suburban Hospital (1214 EDA 2013) (Jan. 31, 2014) (unpublished opinion, not binding precedent but persuasive authority, see Super. Ct. I.O.P. 65.37). In a unanimous opinion, the Superior Court held that the trial court abused its discretion in its "decision to dismiss this case on a technicality[,] plac[ing] justice second to arbitrary compliance with procedural rules." Jones at 9. In Jones, the trial court dismissed the case on the eve of trial when, owing to a medical emergency, plaintiff could not proceed with trial, her experts were unavailable, and she timely requested a continuance. Id. at 5. The Superior Court observed that while delay can be costly, it is "not a reason to deprive either party of its day in court." Id. at 8. Here, similarly, the action was dismissed when a medical emergency prevented Appellant Carl's expert from appearing at trial. Instead of holding a hearing to determine Mr. McAuliffe's availability and the propriety of reading his deposition into the record or in the alternative granting a continuance, the trial judge dismissed the case. For the reasons given, the equities did not support this severe result of dismissal. Stewart v. Rossi, 681 A.2d 214, 217 (Pa. Super. Ct. 1996).

## B. Case Management Deadlines

The CMO called for pretrial Motions to be filed no later than October 1,

13

117

2012. The Court's Order of January 7, 2013, called for motions in limine to be filed no later than 30 days before jury selection. Although Appellant Carl had timely notified Appellee Noonan of his intention to use Mr. McAuliffe as his expert and provided his report and credentials through his deposition, Appellee Noonan filed his combined motion in limine and summary judgment motion late. ("Defendants' (A) Motion in Limine to Limit (i) the Introduction of Any Expert Opinion Evidence, (ii) the Introduction of Any Testimony of John McAuliffe, Esquire, Factual or Otherwise, and (B) Motion for Summary Judgment.") In other words, Appellee Noonan's motion, which argued that Appellant Carl had missed deadlines, was itself filed far beyond Court-ordered deadlines. Appellee Noonan filed his motion just a few days before trial, on June 27, 2013, well after the 30-day deadline. The late motion sought summary judgment because, Appellee Noonan argued, Appellant Carl could not prove his case without Mr. McAuliffe's expert evidence, which he argued should be excluded.

In considering late filings "there must be no showing of prejudice as a result of the failure to comply strictly with the rules, and second, there must be a showing of good cause." White v. Owens-Corning Fiberglas, Corp., 668 A.2d 136, 141 (Pa. Super. Ct. 1995). In White, it was held not to be error on the trial court's part to consider a motion for summary judgment late (after the commencement of trial), because there was good cause and no prejudice resulted. Id. at 141–42.

In this case, by contrast, Appellee Noonan showed no cause for failing to file the motion for summary judgment on time, let alone good cause. Appellee Noonan sought to disguise the motion for summary judgment as a motion in

14

118

limine, to sidestep its being filed too late. However, the title of the motion itself concedes that it is a "motion for summary judgment," and one filed almost *nine months* after deadline. Besides, even if the motion had been a motion in limine it was also late. The Court's January 7, 2013, Pretrial Order required motions in limine to be filed no later than 30 days before jury selection and it was filed 5 days before the date-certain trial date.

Appellee Noonan was aware for over a year before trial that Mr. McAuliffe was slated to provide expert evidence, and that his deposition served as his expert report. Appellee Noonan provided no reasons that would amount to just cause why he waited until just five days before trial to try to disqualify Mr. McAuliffe from providing such evidence. Furthermore, Appellant Carl suffered the greatest prejudice a litigant can experience: his case was not heard on the merits. The law requires that the rules for case-management deadlines be strictly followed except where there is good cause for, and an absence of prejudice in, construing them more leniently. Here, there was no good cause for Appellee Noonan's late filing of the motion, and severe prejudice resulted to Appellant Carl. Thus, considering Appellee's late-filed motion with such prejudicial consequences to Appellant Carl was not in accordance with the law.

### C. Lack of Opportunity to Respond

Appellant Carl says that the trial judge erred in deciding Appellee Noonan's motion "without providing an opportunity for plaintiff to file answers thereto," and by failing to allow Appellant "to file answers as was contained in his Motion for Reconsideration." Appellant Carl is correct: had Appellant Carl been allowed to

15

119

file a written answer to Appellee Noonan's motion, he could have shown the trial judge that although he had provided notice of his expert and made available his qualifications and testimony in an atypical way, it was nonetheless sufficient under the law. Jistarri v. Nappi, 549 A.2d 210 (Pa. Super. Ct. 1988).

### D. Waiver of Objections Related to Deposition

Finally, Appellant Carl says the trial judge committed error "if grant of the motions was based upon the content of the depositions, since defendants, by not lodging objections to questions at said depositions, waived any objection to the form of the question." Any objections to the notice, procedures or questions at the deposition were not made during or shortly after the deposition and were waived long ago. Pa.R.C.P. 4016 & 4017. Here, besides being noticed ahead of the deposition, Appellee Noonan has acknowledged being informed by letter shortly after the deposition of Appellant Carl's intention to use Mr. McAuliffe as an expert. He also acknowledged that the letter communicated Appellant Carl's intention to use the deposition as the expert report and curriculum vitae. Appellee Noonan chose not to object to Mr. McAuliffe's serving as an expert "soon" after this clear notice, instead waiting over a year.

To the extent that there is any issue about the questions asked of Mr. McAuliffe at his deposition or anything else that occurred relating to the deposition, Appellee Noonan waived any objection because he was properly noticed of the deposition but chose neither to attend nor to object to any questions asked. Pa.R.C.P. 4016 & 4017; Pa.R.E. 804(b)(1).

16

120

## IV.  CONCLUSION

Appellant Carl's action was dismissed because the trial judge concluded, as argued in Appellee Noonan's motion, that Appellant Carl had provided inadequate notice of the expert evidence he intended to put forward at trial and failed to supply the expert's curriculum vitae and report.  The Superior Court has held that notice essentially identical to the notice provided in this case—a letter, months before trial, declaring that the deposition testimony would serve as the expert's report—*is* adequate.  Jistarri v. Nappi, 549 A.2d 210 (Pa. Super. Ct. 1988).  Because Appellant Carl complied with the law in providing sufficient notice of Mr. McAuliffe's serving as an expert witness and his report and qualifications being available through his deposition testimony, the law required that Appellant be permitted to have Mr. McAuliffe serve as his expert witness.  Dismissing the case therefore did not comport with the law.  This Court consequently recommends that the grant of summary judgment be reversed and this action remanded for a trial on the merits.

BY THE COURT:

Lisa M. Rau,　　　J.

Dated:  July 22, 2014

17

121