681 A.2d 214

Herbert M. STEWART and Sandra Cheley Co–Guardians on Behalf of Aretta Theresa Gray, a Minor and William R. Adams, Jr., Esquire Administrator on Behalf of the Estate of Vanetta Theresa Gray, a/k/a Vanetta Theresa Gray, Deceased

v.

James ROSSI, Individually and Philadelphia Newspapers, Inc.

Appeal of William R. ADAMS, Jr., Esquire Administrator of the Estate of Vanetta Theresa Gray, Deceased and William R. Adams, Jr., Esquire as Trustee Ad Litem.

Superior Court of Pennsylvania.

Argued June 5, 1996.

Filed Aug. 8, 1996.

Carol A. Black, Philadelphia, for appellant. (Submitted)

Kevin J. Ruane, Philadelphia, for appellees.

122

Before CAVANAUGH, SAYLOR and HESTER, JJ.

HESTER, Judge:

William R. Adams, Jr., in his capacity as administrator of the estate of Vanetta Theresa Gray, deceased, and in his capacity as trustee ad litem, appeals from the November 3, 1995 order granting summary judgment to appellees and dismissing this action. Dismissal was premised upon appellant's failure to conduct discovery and his failure to provide the names of witnesses on the issues of liability and damages until the eve of trial. We affirm.

On June 4, 1990, Herbert M. Stewart and Sandra Cheley, in their capacities as co-guardians of Aretta Theresa Gray, decedent's daughter, and appellant, solely in his capacity as administrator of the estate, instituted this wrongful death and survival action by writ of summons against appellees, William Rossi and Philadelphia Newspapers, Inc. After being ruled to do so, appellant filed a complaint with a changed caption, wherein appellant was designated as the sole plaintiff in both his capacity as trustee and as administrator. In the new caption, neither Mr. Stewart nor Ms. Cheley are mentioned. On November 16, 1990, the parties entered a stipulation that the caption would be changed to reflect that appellant, in his two capacities, would be the sole plaintiff. Nonetheless, in his notice of appeal, appellant uses the original caption.

Appellant's complaint was filed on November 9, 1990, and appellees answered, raising new matter. Appellant responded to this on February 13, 1991. Appellee served interrogatories upon appellant, which were answered partially. Appellant conducted no discovery between the date the action was instituted and August 3, 1995, just prior to trial, when appellant filed a petition for extraordinary relief seeking an extension of the discovery period. In response, appellees filed two motions in limine seeking to prevent appellant from introducing evidence at trial of damages based upon appellant's failure to provide an expert report and of liability based upon appellant's failure to provide during discovery any information to appellees concerning how he intended to establish liability.

The motions were granted, and summary judgment subsequently was entered. This appeal followed.

We have garnered the facts regarding the underlying accident from the record available to us. In his complaint, appellant alleges the following. At 2:15 a.m. on June 3, 1988, Mr. Rossi was operating a van owned by the Philadelphia Inquirer while within the scope of his employment. He struck appellant's decedent, killing her. Appellant alleged Mr. Rossi was negligent because he was driving at an excessive rate of speed and he failed to observe the roadway adequately.

Appellees' version of the accident is set forth in their settlement memorandum, as follows. At 2:15 a.m. on June 3, 1988, Mr. Rossi was operating the delivery truck and approached the intersection of Market and Parsons Streets. He noticed a male punch a female on the sidewalk near Market Street. He passed the struggling couple, who disappeared from his view. Mr. Rossi was stopped by a pedestrian about one-half block from where he saw the man strike the woman and was told that he had run over the woman. The Philadelphia police determined that Mr. Rossi's right *rear* wheel had struck Ms. Gray and that the van had not been in contact with the decedent before she fell under the rear wheel. An arrest warrant for criminal homicide was issued for the man who struck Ms. Gray.

Prior to deciding the merits of this appeal, we note the motions in limine at issue were granted both due to appellant's failure to conduct discovery within the time frame for discovery imposed by local rules[1] and *also* due to the trial court's findings that appellant's discovery violations were willful and prejudiced appellees. On appeal, appellant's argument is that the grant of the motions, the practical effect of which was to dismiss this action, was improper under Pa.R.Civ.P. 239(f) which provides, "No civil action or proceeding shall be dis-

1. In 1992, the Philadelphia Court of Common Pleas, in an effort to reduce the backlog of civil cases within the system initiated the day backward program. As part of that program, the court issued administrative orders which controlled discovery and motion practice in civil cases.

124

missed for failure to comply with a local rule other than one promulgated under Rule of Judicial Administration 1901." Appellant contends that the trial court should not have precluded his evidence without conducting the four-pronged analysis required by *Feingold v. Southeastern Pennsylvania Transportation Authority*, 512 Pa. 567, 517 A.2d 1270 (1986), and *Miller v. Brass Rail Tavern, Inc.*, 541 Pa. 474, 664 A.2d 525 (1995), regarding when discovery sanctions may be imposed.

We acknowledge that this action was dismissed based upon appellant's failure to conduct discovery within the time limits set by the local rule. However, we have reviewed the trial court's reasons for granting the motions in limine, which include specific findings of willful discovery violations by appellant and prejudice to appellees. We conclude that these findings support dismissal under the case law regarding discovery sanctions which appellant has asked us to apply. We therefore affirm.

In so doing, we utilize the following maxim:

The order of a trial court may be affirmed on appeal if it is correct on any legal ground or theory, regardless of the reason or theory adopted by the trial court. *See: In Re Benson*, 419 Pa.Super. 582, 589–590, 615 A.2d 792, 795–796 (1992); *Elder v. Nationwide Ins. Co.*, 410 Pa.Super. 290, 296, 599 A.2d 996, 999 (1991). Where a trial court has reached the correct result, its order will be sustained if it can be sustained for any reason. *Turnway Corp. v. Soffer*, 461 Pa. 447, 462, 336 A.2d 871, 878 (1975).

*Al Hamilton Contracting Co. v. Cowder*, 434 Pa.Super. 491, 644 A.2d 188, 190 (1994); *see also Renee Beauty Salons, Inc. v. Blose–Venable*, 438 Pa.Super. 601, 652 A.2d 1345, 1350 (1995).

Herein, the trial court granted two motions in limine which effectively precluded appellant from proving his case. These motions, as noted, were entered as discovery sanctions and ultimately led to summary judgment being entered against appellant. Since the orders in question were tantamount to

dismissal, we will apply the case law applicable to when dismissal will be granted for discovery violations. Although appellant asks us to apply the case law regarding witness preclusion, we believe the cases which deal specifically with the sanction of dismissal, wherein a test more favorable to appellant is utilized, are applicable herein.

We note initially that dismissal of a complaint as a discovery sanction is authorized under Pa.R.Civ.P. 4019. *Pride Contracting, Inc. v. Biehn Construction, Inc.*, 381 Pa.Super. 155, 553 A.2d 82 (1989); *see also Lawrence v. General Medicine Ass'n, Ltd.*, 412 Pa.Super. 163, 602 A.2d 1360 (1992) (judgment of non pros entered against plaintiff for violation of discovery rules); *Miller Oral Surgery, Inc. v. Dinello*, 416 Pa.Super. 310, 611 A.2d 232 (1992) (default judgment entered against defendant for discovery violations). Furthermore, the sanction to be imposed for a discovery violation is left to the sound discretion of the trial court. *Miller Oral Surgery, Inc. v. Dinello, supra.* However, since dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced. *Pride Contracting, Inc. v. Biehn Construction, Inc., supra.*

Under these cases, the following factors are to be weighed: the nature and severity of the discovery violation, the defaulting party's willfulness or bad faith, prejudice to the opposing party, the ability to cure prejudice, and the importance of the precluded evidence in light of the failure to comply.

As noted, in the present case, the importance of the precluded evidence was crucial in establishing appellant's case. However, the other factors to be applied all weigh heavily against appellant. Since application of the factors militate strongly in favor of the sanction of dismissal, we affirm the trial court's exercise of its discretion.

First, as to the number and type of violations, they are simply the most egregious. In fact, to say that appellant committed discovery violations is a hyperbole. Appellant conducted no discovery. He failed to provide the name of any witnesses as to liability or damages to appellees, despite being requested to do so in two sets of interrogatories. He did not depose any witnesses. The first attempt to conduct discovery occurred in September, 1994, six years after the accident, when appellant asked to depose defendant Rossi. Even though informed that appellees would not permit the witness to be deposed, appellant did nothing for another year. Thus, the discovery violation was egregious, warranting the severe sanction of dismissal.

To determine whether bad faith on appellant's part was established and whether appellees were prejudiced thereby, we examine the record. After the complaint and answer were filed, appellant filed a response to appellee's new matter. This response was filed on February 13, 1991. The next docket entry is three years later, February 4, 1994, when defense counsel withdrew and new defense counsel entered his appearance. On May 27, 1994, appellant's prior counsel withdrew his appearance and present counsel for appellant entered her appearance. Present counsel attempted to depose Mr. Rossi in September, 1994, but was informed by appellees that they would not make Mr. Rossi available due to appellant's violation of the local time limits on conduct of discovery. Nonetheless, present counsel did nothing for one year. She did not file motions for extension of time to conduct discovery, did not ask the court for leave to depose Mr. Rossi, did not supplement the answers to the previously promulgated interrogatories, and did not secure an expert witness on liability or damages.

Two settlement conferences were scheduled in this case. At the first settlement conference on April 22, 1994, neither counsel appeared, but defense counsel had telephoned that he was ill. The master then scheduled a conference for June 26, 1995, where appellees appeared but appellant did not. Counsel for appellant telephoned the master two hours after the

scheduled start of the conference and indicated that she had a scheduling conflict. On June 27, 1995, the settlement master filed a report with the court stating that according to appellees, no depositions had been taken of Mr. Rossi and no expert witness reports had been produced. The settlement master concluded that there had been no preparation of the case and recommended that it be dismissed.

On August 3, 1995, appellant finally filed a petition for extraordinary relief asking that he be permitted to depose Mr. Rossi and conduct additional discovery. Appellant's motion for extraordinary relief was denied on October 3, 1995, on the grounds that discovery in the case had terminated on March 18, 1994, under the local rules and that to grant the request would be disruptive of the court's calendar. More importantly, however, the order contains specific findings that the request for extraordinary relief would prejudice appellees on the eve of trial and that no compelling reason had been advanced by appellant to explain the delay in discovery.

A pretrial scheduling conference was held on September 19, 1995. At that conference, appellant identified for the first time David Bunin as his economic expert and Daniel Brown as his liability expert. Appellant further stated that he had received a report from Mr. Brown on September 17, 1995, but still had no report from Mr. Bunin. Appellant did not produce Mr. Brown's report at that conference. At the conclusion of the conference, the case was scheduled for trial on November 6, 1995.

Appellees then presented motions in limine to preclude the introduction of any reports of expert witnesses on the issues of liability and damages. The motions were granted based upon appellant's violation of the discovery deadline applicable under the local rules but also on the fact that appellees had been prejudiced in that they had not been able to prepare a defense. Finally, the court determined that appellant's counsel deserved the sanctions imposed because counsel had evidenced a "disdainful and contemptuous attitude" for the procedures designed to resolve the case, and this attitude underscored the pattern of "dilatory, vexatious and obdurate

behavior" of counsel. Trial court opinion, 11/2/95, at 14. We also note that at the pretrial conference held November 3, 1995, appellant agreed to waive presentation of the funeral bill. The expert report on damages is contained in the record but appellant has yet to place in the record a report indicating that the accident occurred in any manner other than the manner indicated by appellees.

In light of this record, we affirm the trial court's finding that the discovery violation was in bad faith and willful. In appellant's motion to allow for more discovery, he alleged that the reason he had conducted no discovery was the illness and disability of the counsel who represented appellant prior to present counsel's assumption of the case.

The motion does not indicate the nature of prior counsel's illness, the length of that illness, nor does it indicate why prior counsel would fail to refer a case for *three years* if he were too ill to handle it. Finally, in the motion, appellant fails to indicate why *present counsel* waited sixteen months to conduct discovery. There is no indication that she was ill or disabled. In fact, appellant is himself an attorney and should have inquired of prior counsel as to the delay. Appellant's unsubstantiated, unspecific, and unconvincing "reason" for failing to conduct any discovery properly was rejected by the trial court. Thus, appellant's discovery violations were found to be willful and in bad faith.

We now examine the prejudice aspect of the test. Prejudice for purposes of discovery violation is "said to result any time there is 'a substantial diminution of a party's ability to properly present its case.'" *McSloy v. Jeanes Hospital,* 376 Pa.Super. 595, 546 A.2d 684, 687 (1988), quoting *Metz Contracting, Inc. v. Riverwood Builders, Inc.,* 360 Pa.Super. 445, 451, 520 A.2d 891, 894 (1953).

Herein, the trial court found there was a substantial diminution of appellees' ability to present its defense. We concur. Appellees promulgated two sets of interrogatories which were not answered in any meaningful manner. Appellees were not able to prepare for trial, had to wait for years for trial to be

scheduled, and then were faced with a last minute request for discovery extension. At the time of the request, appellant still had no expert report on the liability phase of his case. Indeed, due to appellant's violations, appellees had *no* ability to prepare their case for trial.

In fact, *Dion v. Graduate Hospital,* 360 Pa.Super. 416, 520 A.2d 876 (1987), is indistinguishable. There, the plaintiff failed without explanation to comply with discovery orders. Two weeks prior to trial the plaintiff submitted the report of an expert he proposed to have testify at trial. On the first day of trial, the plaintiff submitted the report of another expert. Although the preclusion of the evidence was a drastic sanction, it was upheld due to the egregious nature of the discovery violations. Also similar is *Lawrence v. General Medicine Association, supra,* where we upheld a judgment of non pros that was entered by the trial court as discovery sanction. There, the court determined that non pros was the appropriate sanction for a medical malpractice complainant who refused to respond to interrogatories or produce documents.

Since the trial court herein determined that the discovery violations were in bad faith and prejudiced appellees' defense significantly, we affirm its sanction. *Pride Contracting, Inc. v. Biehn Construction, Inc., supra* (where plaintiff willfully violated discovery order and defendant was prejudiced, dismissal of complaint was approved); *McSloy v. Jeanes Hospital, supra* (same). *Compare Steinfurth v. LaManna,* 404 Pa.Super. 384, 590 A.2d 1286 (1991) (where there was slight, explicable delay in obtaining an expert witness report and there was no prejudice to defendants, trial court erred in dismissing action based on plaintiff's failure to forward expert witness report in exact conformity to deadlines set in discovery order).

Indeed, we note that this case could have been non prossed under the reasoning contained in *Penn Piping, Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). In *Penn Piping,* our Supreme Court held that non pros will be granted for lack of docket activity for a two-year period unless

the plaintiff can provide a *reasonable* explanation for failing to move the case forward. Furthermore, non pros will be granted under *Penn Piping* for lack of docket activity even if a defendant cannot demonstrate prejudice.

The record in this case reflects that a praecipe to issue a writ of summons was filed on June 4, 1990. A complaint was filed by appellant on November 9, 1990, and was answered by appellees with new matter on November 29, 1990. A response to new matter was filed on February 13, 1991. From this date until September 28, 1995, when a petition for extraordinary relief was requested by appellants, no meaningful activity was taken to advance the case except appellant's woefully inadequate responses to interrogatories. In light of the above, the action of the trial court is affirmed.

Order affirmed.