**Lee v. Delaware County Memorial Hospital**

*James M. Pierce,* for plaintiff.
*William D. Kennedy, Keith E. Johnston, James L. Moore* and *Gerard F. Lipski,* for defendants.

BRADLEY, *J.,* June 25, 1997—Plaintiff, Earnest Lee, appeals from the order denying his motion for post-trial relief.

This action arises from an incident occurring in an elevator on the premises of Delaware County Memorial Hospital on December 17, 1993. Plaintiff Lee was a passenger in the elevator when it malfunctioned and dropped several floors. He allegedly sustained soft tissue injuries as a result of the impact.

Plaintiff filed suit on October 17, 1994 against DCMH and Millar Elevator Service Company. As a result of initial discovery, plaintiff focused on the failure of a specific valve in the elevator mechanism as the cause of the malfunction. On December 13, 1995, pursuant to a stipulation signed by the original parties, plaintiff filed an amended complaint naming the supplier and manufacturer of the valve, Elevator Equipment Co. Inc. and CEMCO Inc., respectively, as defendants.[1] By this court's letter dated January 19, 1996, trial was scheduled during the civil term beginning March 11, 1996. Counsel for defendant, EEC, sought a continuance because their

---

1. Around this same time, another stipulation was entered into, whereby the instant action was consolidated with *Abverian Ward v. Delaware County Memorial Hospital and Millar Elevator Service Co.,* no. 94-12145. That case was settled on November 18, 1996, the morning of trial in the instant action.

client had been served with the amended complaint one month ago and counsel had entered their appearance several days ago. With the consent and agreement of all counsel, counsel for EEC requested a continuance to a trial list beginning after September 30, 1996. According to counsel's letter, this would enable the parties to *take depositions and exchange expert reports.* (emphasis added) This request was granted and the matter was continued to the court's four-week civil trial list beginning October 21, 1996.

On September 5, 1996, counsel for DCMH wrote to the court explaining his need for a continuance from the October trial term. He had the consent of all parties to seek a continuance to the next trial term. On September 18, 1996, this court granted the request, and counsel for DCMH notified the parties that the instant case would be the first case called for trial on November 18, 1996.

On November 12, 1996, six days before the start of trial, plaintiff filed motions to compel, asking the court to compel defendants to respond to plaintiff's October 2, 1996 request for production of documents. On November 12, 1996, this court denied these four motions to compel because to do otherwise would delay the trial scheduled for November 18, 1996.

On the morning of trial, November 18, 1996, plaintiff served his expert report on the four defendants. The report was critical of all defendants. In a conference in the robing room, all defense counsel moved to preclude the testimony of plaintiff's expert, arguing prejudice to their clients due to such late disclosure of an expert's opinion. After argument and over plaintiff's objection, the motion to preclude the testimony of the expert witness was granted. Acknowledging he could not go forward without expert testimony, plaintiff agreed

to the entry of a nonsuit from which he could file post-trial motions seeking its removal.

Plaintiff filed a motion for post-trial relief which was denied. This appeal followed.

The order granting the defense motion to preclude plaintiff's expert witness, Richard Kennedy, from testifying was tantamount to dismissal since, admittedly, plaintiff could not prove his case without expert testimony. Although there is case law regarding witness preclusion, see *e.g., Feingold v. SEPTA,* 512 Pa. 567, 517 A.2d 1270 (1986), we shall apply those Pennsylvania cases which deal specifically with the sanction of dismissal to the instant case. Even under the stricter standards governing when dismissal of an action is proper, we believe the decision to preclude expert testimony was warranted. *Stewart v. Rossi,* 452 Pa. Super. 120, 681 A.2d 214 (1996), *alloc. denied,* 547 Pa. 731, 689 A.2d 235 (1990).

Dismissal of a complaint as a discovery sanction is specifically authorized by Pa.R.C.P. 4019. Moreover, the sanction to be imposed for a discovery violation is left to the sound discretion of the trial court. *Miller Oral Surgery Inc. v. Dinello,* 416 Pa. Super. 310, 611 A.2d 232 (1992). "[S]ince dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced." *Stewart v. Rossi, supra* at 125, 681 A.2d at 217, citing *Pride Contracting Inc. v. Biehn Construction Inc.,* 381 Pa. Super. 155, 533 A.2d 82 (1989).

The following factors are to be weighed: the nature and severity of the discovery violation, the defaulting party's willfulness or bad faith, prejudice to the opposing

party, the ability to cure prejudice, and the importance of the precluded evidence in light of the failure to comply. *Stewart v. Rossi, supra.*

Although the precluded expert evidence was crucial to plaintiff's case, all other factors weighed against plaintiff. Since all other factors weighed in favor of dismissal, it was within the court's discretion to grant defendants the expert witness preclusion they requested and the resulting nonsuit.

To hand opposing counsel your only expert witness report the morning of trial must be categorized as an egregious discovery violation. Moreover, as defense counsel point out, Lee's expert witness was not identified until September 24, 1996. *It was not until the week prior to trial that plaintiff sought an examination of the site and of the subject valve.* These requests were promptly granted and plaintiff's expert inspected the site and examined the valve on November 15, 1996.

The history of discovery also reveals the following. On February 15, 1995, plaintiff served DCMH with discovery requests and on April 25, 1995, DCMH was given additional time by plaintiff to respond to these requests. On May 18, 1995, plaintiff filed a motion to compel DCMH's answers to the discovery requests. This motion was granted. On July 5, 1995, DCMH served plaintiff with its answers to interrogatories and requests for production of documents. After receiving this discovery, *plaintiff sought no other discovery from any other party until October 2, 1996, six weeks before the scheduled trial.* Significantly, every document requested from DCMH in plaintiff's October 2, 1996 request for production had already been provided to him on July 5, 1995.

While reluctant to characterize plaintiff's conduct as willful or in bad faith, it is in flagrant disregard of

the Pennsylvania Rules of Civil Procedure governing discovery and Del. Co. Local Rule 241, in particular, which automatically certifies a case ready for trial one year from the date of filing. It also demonstrates a cavalier attitude toward the court and opposing counsel. Significantly, plaintiff has offered no justification or explanation for his failure to have sought the supposedly indispensable discovery his expert needed prior to October 2, 1996. This was not a case in which the malfunctioning part was unknown. Plaintiff knew early in the litigation which valve allegedly malfunctioned, yet he still failed to conduct any relevant discovery until the eve of trial. Plaintiff's counsel's failure to pursue discovery must be characterized as willful, at the least.

As all defendants have averred, plaintiff's production of an expert report the morning of trial irreparably prejudiced them. Until the morning of trial, no defendant was aware of the substance of any expert criticism. Plaintiff's argument that no prejudice flowed to the three defendants in the elevator industry is disingenuous at best. First, merely because defendants are in the same industry does not presuppose they are experts on the alleged malfunction and/or repair of a single valve in the elevator. Furthermore, it circumvents the Rules of Civil Procedure to allow plaintiff to produce an expert report the morning of trial in reliance on the alleged expertise of defendants. This defeats a defendant's right under the rules to know in advance the substance of the plaintiff's expert's testimony so a defendant can fairly rebut it with an expert of his own choosing.

Obviously, the only other way to have resolved the dilemma confronting this court on the morning of November 18, 1996, would have been to grant a continuance to allow defendants an opportunity to rebut

30

plaintiff's expert report. However, the parties suffering the prejudice, *i.e.* defendants, were not requesting a continuance. Plaintiff requested the continuance. To grant plaintiff a continuance at this juncture, after two prior continuances (albeit not at plaintiff's request, but with his consent), would serve to prejudice defendants. Defendants were prepared for trial on November 18, 1996. Granting plaintiff a continuance on the morning of trial would not cure any prejudice, rather it would only impose prejudice on defendants.

It is for the reasons expressed above and in the exercise of our discretion that plaintiff's expert witness was precluded from testifying which preclusion resulted in the entry of nonsuit.