J-A01022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| GEORGE ANTONAS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SOCRATES VASSILIADIS AND E. VASSILIADIS | |
| | No. 3502 EDA 2014 |

Appeal from the Order Entered November 6, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2011-14680

BEFORE: LAZARUS, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.: **FILED APRIL 22, 2016**

George Antonas appeals from the order entered November 6, 2014, in the Court of Common Pleas of Montgomery County, dismissing his garnishment action against Progressive Insurance Company (Progressive). Progressive had provided automobile insurance to underlying defendants Socrates and Efstathios Vassiliadis.[1] In this timely appeal, Antonas raises three claims:

> 1) Whether the trial court erred in denying summary judgment
> to [Antonas] where there were no disputed issues of fact and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] It appears that Efstathios Vassiliadis was the owner of the vehicle involved in the accident with Antonas, while Socrates Vassiliadis, his son, was the permissive driver of the car.

[Antonas] was entitled to prevail in the garnishment action as a matter of law?

2) Whether the trial judge abused her discretion in entering a preclusion order against [Antonas] while simultaneously failing to discipline Progressive's own discovery misconduct?

3) Whether the trial court abused its discretion in striking the affidavit of one of [Antonas's] witnesses submitted in support of [Antonas's] motion for summary judgment?

*See* Appellant's Brief, Questions Presented, at 3.

After a thorough review of the submissions by Antonas, participant Progressive, the certified record, and relevant law, we affirm.

The factual and procedural history of this matter is convoluted and we believe the parties, including participant Progressive, are well versed therein. Therefore, we will not attempt to recite this history. Instead, we will note certain salient facts we have gleaned from the certified record and refer to the factual and procedural histories found in the trial court opinions of 1/7/2015, at 1-3, and 1/5/2015, at 1-3.[2] On May 9, 2007, Antonas was

_____

[2] Part of the convoluted nature of this appeal is the fact that there were originally two appeals taken. The first appeal, 3460 EDA 2014, was filed by Allen Feingold, who attempted to appeal the order denying his petition to intervene to protect his claimed interest in the award. The second appeal, 3502 EDA 2014, was filed by Antonas, which is the subject of this decision. The two appeals were consolidated. However, the Feingold appeal was dismissed as interlocutory by judgment order and is not part of this decision. Nonetheless, we refer to the 1/5/2015 trial court opinion regarding Feingold's appeal (3460 EDA 2014) in order to help provide a more detailed history.

The genesis of the petition to intervene is that Allen L. Feingold was original counsel, but was disbarred from the practice of law in August 2008. *See* *(Footnote Continued Next Page)*

awarded $300,000.00 in the underlying third party tort action after private counsel for Vassiliadis withdrew from representation and Vassiliadis failed to appear for trial. Subsequent to that, Antonas received $100,000.00 from his own uninsured motorist insurance coverage.[3] In that case, he claimed the Vassiliadis vehicle was uninsured because Vassiliadis failed to provide Progressive with notice of the claim or to cooperate with Progressive. After obtaining the $300,000.00 award against Vassiliadis, Antonas sought to garnish Progressive. Progressive defended the garnishment action arguing the third party claim by Antonas had never been submitted to Progressive for defense or indemnification[4] and Antonas's underlying complaint raised claims of intentional conduct. Progressive further claimed it is against the

_(Footnote Continued)_ _____

**ODC v. Feingold**, 93 DB 2003 and 92 DB 2005, 8/22/2008. The matter was then transferred to Feingold's wife, Dora Garcia (Palmieri), who was subsequently suspended from the practice of law. **See ODC v. Garcia**, 182 DB 2006, 10/25/2007. Then, the garnishment proceeding was instituted by Jeffry Pearson, who was also suspended from the practice of law. **See ODC v. Pearson**, 88 DB 2008, 6/28/2011. Feingold attempted to intervene to protect his claimed interest in the $300,000.00 award to Antonas.

[3] Antonas also sought underinsured motorist coverage from his own insurance policy, which claim was dismissed as being statutorily impossible. **See** Progressive Brief in Support of Summary Judgment, Exhibit I, **Antonas v. The Hartford**, 3342 EDA 2008, (Memorandum Decision) (October 1, 2009); 75 Pa.C.S. § 1731(d)(1).

[4] The certified record reveals Progressive had been informed by Vassiliadis's private counsel that there had been no automobile accident. Rather, Antonas and Vassiliadis had been involved in a fist fight and Antonas had jumped on the hood of Vassiliadis's car, a Corvette convertible, in an attempt to assault him. This action caused damage to the hood of the car, which was the subject of a property damage claim that Progressive paid.

public policy of the Commonwealth of Pennsylvania to require an insurer to provide indemnity for intentional acts. Proof of such intentional action by Vassiliadis would relieve Progressive of its responsibilities to Vassiliadis and would additionally provide a defense against garnishment. After Antonas failed to provide any discovery regarding the specifics of the accident or the injuries to Antonas, the trial court issued a discovery sanction preventing Antonas from presenting evidence at the garnishment hearing. Subsequently, Progressive filed a motion to dismiss based on Antonas's inability to produce evidence. This motion was granted and this appeal followed.

Because Antonas's first and third claims both address his motion for summary judgment, we will address them together.

Antonas's motion for summary judgment was filed on July 15, 2012 and was denied, without opinion, on July 19, 2013.[5] On July 18, 2013, Feingold submitted a "Verification" to be attached to the motion that had been filed one year previously. Pursuant to our review of the certified record, we believe this "Verification" is the affidavit referred to in the appeal.[6]

_____

[5] Cross motion for summary judgment had been filed and both Antonas's and Progressive's motions were denied on July 19, 2013.

[6] The section of Antonas's brief addressing this claim is bereft of any reference to the certified record. We note the entire brief is bereft of any reference to the certified record.

We have reviewed Antonas's "Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)," which contains 12 issues, none of which address the denial of Antonas's motion for summary judgment.[7] We note, "An appellant's failure to include an issue in his Rule 1925(b) statement waives that issue for purposes of appellate review." **Madrid v. Alpine Mountain Corp.**, 24 A.3d 380, 382 (Pa. Super. 2011).

Because the issue regarding the motion for summary judgment was not included in the 1925(b) statement, not only has the issue been waived, but the trial court was not on notice of the claim and so provided no explanation for the ruling. Accordingly, Antonas is not entitled to relief on this aspect of his claim.

Although Antonas did not preserve his claim that the trial court erred in denying his motion for summary judgment, he did preserve his claim regarding the order striking the affidavit/verification.

> [O]ur standard of review of a trial court's decision to admit or exclude evidence is well-settled[.] When we review a trial court ruling on admission of evidence, we must acknowledge that decisions on admissibility are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion or misapplication of law. In addition, for a ruling on evidence to constitute reversible error, it must have been harmful or prejudicial to the complaining party. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment

---

[7] Antonas's Pa.R.A.P. 1925(b) statement appears to be a photocopy of the 1925(b) statement filed by Feingold regarding his interlocutory appeal, with six additional issues appended thereto.

exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Stumpf v. Nye*, 950 A.2d 1032, 1035-36 (Pa. Super, 2008) (internal quotation marks omitted; formatting modified). "A party suffers prejudice when the trial court's error could have affected the verdict." *Reott v. Asia Trend, Inc.*, 7 A.3d 830, 839 (Pa. Super. 2010).

*Yenchi v. Ameriprise Financial, Inc.*, 123 A.3d 1071, 1082 (Pa. Super. 2015).

Because Antonas failed to preserve the claim regarding the denial of the motion for summary judgment, we fail to see how he can demonstrate any prejudice for striking an affidavit in support of that motion.

Even if we address the substance of this claim, we have reviewed the document and conclude it would have provided no aid to Antonas's case. Essentially, the document is a three page recitation of hearsay, in which Feingold refers to unnamed witnesses to the underlying accident he claims to have spoken to, his legal interpretation of the meaning of Progressive's actions and/or lack thereof, and another page detailing Feingold's career as an attorney and his version of why he was disbarred.[8] Antonas's brief does

_____

[8] This document also contains such commentary as: "[Antonas] supervised a small contracting firm, successful in his own right, while [Vassiliadis] was usually in some sort of trouble and sponged off his father." Additionally, "[Antonas] approached [Vassiliadis] and asked why he had thrown the rock, when [Vassiliadis] answered by throwing a punch at [Antonas], which I must say, knowing both [Antonas] and [Vassiliadis] was one of the stupidest actions I have ever heard of." *See* Verification of Allen L. Feingold, 7/17/2013, at 2.

not explain, nor can we discern how this document would have compelled summary judgment in Antonas's favor. Therefore, Antonas is not entitled to relief on this issue.

In his final argument, Antonas claims the trial court abused its discretion by precluding him from presenting evidence, thereby making it impossible for him to prevail. This claim is also not to be found in Antonas's Pa.R.A.P. 1925(b) statement. Accordingly, the issue has been waived.

Although the issue has been waived, we note the trial court provided an explanation of the reason for the entry of the preclusion order. Accordingly, we note:

> Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court, as is the severity of the sanctions imposed. ***Cove Centre, Inc.*** [***v. Westhafer Const., Inc.***], 965 A.2d [259] at 261 [(Pa. Super. 2009)] (*citing* ***Reilly v, Ernst & Young, LLP***, 929 A.2d 1193, 1199 (Pa. Super. 2007); ***Croydon Plastics Co.,*** [***Inc. v. Lower Bucks Cooling & Heating***] 698 A.2d [625] at 629 [(Pa. Super. 1997)]. Nevertheless, the court's discretion is not unfettered: because "dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where **the violation of the discovery rules is willful** and the opposing party has been prejudiced." Cove Centre, Inc., 965 A.2d at 261-262 (emphasis supplied) (***quoting Stewart v. Rossi***, 452 Pa.Super. 120, 681 A.2d 214, 217 (1996)). Consequently, where a discovery sanction either terminates the action directly or would result in its termination by operation of law, the court must consider multiple factors balanced against the necessity of the sanction. ***Id***. (citations omitted).

***Rohm & Haas Co. v. Lin***, 992 A.2d 132, 142 (Pa. Super. 2010) (emphasis in the original).

The trial court's sound reasoning found on pages 8-10 of the January 7, 2015, Pa.R.A.P. 1925(a) opinion ably disposes of Antonas's argument. We particularly note the trial court's determination that pursuant to a 2011 order of the Disciplinary Board, Feingold was directed to deliver relevant files to Appellate Counsel. Progressive sought discovery in 2013 and filed a motion to compel said discovery on October 2, 2013, almost two years after relevant files were allegedly delivered to Appellate Counsel. However, it was not until the hearing on the motion for sanctions, held on May 5, 2014, that Appellate Counsel informed anyone that Feingold had failed to comply with the Disciplinary Board Order of 2011 and that he had no records from Feingold regarding this matter. Although Progressive attempted to obtain relevant information from other sources, it could not.[9] Accordingly, due to Appellate Counsel's failure to even attempt to comply with the trial court's October 2011 discovery order as well as a belated attempt to shift blame to Feingold, the trial court entered the most severe sanction it could. Based on our review of the certified record, we find no abuse of discretion or error of law therein.

Finally, we wish to note our displeasure with the method by which this appeal has been taken. The Rule 1925(b) statement of matters complained

---

[9] Court files and files of Vassiliadis's private counsel had been purged; at deposition, Antonas could not recall pertinent details such as where he received medical treatment.

of on appeal raises no issue of error concerning the dispositive order, the denial of the motion for summary judgment, or the motion to preclude. However, Appellate Counsel managed to claim, "The trial court erred and/or abused its discretion in every way possible and even in some ways that are unheard of in the law, all to injure the plaintiff and to assist Progressive and their counsel." *See* Pa.R.A.P. 1925(b) Statement, 12/22/2014, at ¶ 12. The reproduced record does not contain a copy of the complained of motion for summary judgment nor a copy of Feingold's verification/affidavit. As noted, the Appellant's brief contains no references to the certified record. The arguments throughout the brief, as well as throughout this matter as a whole, are rife with invective rather than legal argument. This appeal borders on being sanctionably frivolous.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/22/2016