J-S53016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM R. GOODWIN, AND BILL GOODWIN CONSTRUCTION, LLC, AND BILL GOODWIN ENTERPRISES, LLC | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : | No. 651 EDA 2020 |
| SPALL RYDZEWSKI ANDERSON LALLEY & TUNIS, P.C. AND JOHN F. SPALL, ESQUIRE, AND JOSEPH R. RYDZEWSKI, ESQUIRE | : : : : | |

Appeal from the Judgment Entered February 12, 2020
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2015-05560

BEFORE: SHOGAN, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.: Filed: January 28, 2021

William R. Goodwin, Bill Goodwin Construction, LLC, and Bill Goodwin Enterprises, LLC (collectively, "Goodwin") appeal from the order, entered in the Court of Common Pleas of Montgomery County, granting summary judgment in favor of appellees, Spall Rydzewski Anderson Lalley & Tunis, P.C., John F. Spall, Esquire, and Joseph R. Rydzewski, Esquire (collectively, "Law Firm"). Upon review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

The Honorable Joseph A. Smyth[1] set forth the relevant factual and procedural history of this matter as follows:

> [Goodwin] commenced this action in March 2015, claiming [Law Firm] committed legal malpractice as [Goodwin's] attorneys. On May 27, 2015, [Law Firm] propounded, to each of the three [Goodwin plaintiffs], sets of (1) written interrogatories, (2) requests for production of documents, and (3) expert interrogatories. Following multiple extensions granted by [Law Firm's] counsel, the amended deadline to respond to these requests for discovery became September 4, 2015. On September 14, 2015, [Law Firm's] counsel sent [Goodwin's] counsel a letter demanding the outstanding discovery by September 24, 2015; still no responses were received.
>
> On October 1, 2015, [Law Firm] filed a motion to compel [Goodwin's] answers to the requests for discovery. On November 10, 2015, in an order docketed November 12, 2015, this court granted [Law Firm's] motion, ordering [Goodwin], within twenty days, to provide full and complete responses, without objection, to [Law Firm's] interrogatories, requests for documents, and expert interrogatories, and to produce all documents responsive to [Law Firm's] requests for documents, or risk sanction by the court.
>
> In an order entered November 20, 2015, the court granted [Goodwin's] counsel's motion to withdraw, and stayed all proceedings for thirty days to allow [Goodwin] to secure new counsel, if they chose. That stay expired December 21, 2015.
>
> On January 13, 2016, [Law Firm] filed a motion for sanctions for [Goodwin's] failure to answer [Law Firm's] requests for discovery and failure to comply with the court's November 12 order. On February 9, 2016, new, present counsel appeared for [Goodwin].
>
> On February 19, 2016, [Law Firm's] counsel appeared to present the motion for sanctions to the court. [Goodwin's] counsel did not appear for the hearing, but shortly before it was scheduled to begin[,] informed the court he was not aware of the hearing,

_____

[1] Judge Smyth entered the order imposing the sanctions at issue in this matter. The case was subsequently reassigned to the Honorable Garrett D. Page, who entered the final order granting summary judgment.

despite [Law Firm's] counsel having served [Goodwin's] counsel with notice of it. The court ordered the Court Administrator to reschedule the hearing forthwith.

On March 10, 2016, the parties executed a stipulated order by consent, which the court approved as an order of court [on] March 14, [2016,] and entered [on] March 15, 2016. That order provided that, upon stipulation by the parties, the motion for sanctions for failure to comply with the court's order of November 10, 2015 (entered November 12) was granted; [Goodwin was] ordered to provide verified responses to all discovery issued by [Law Firm], and produce all responsive documents, by March 30, 2016, or risk further sanction, including dismissal of [Goodwin's] claims; the verifications submitted were to be [Goodwin's] verifications and were to refer to the specific document(s) being verified; and by April 11, 2016, [Goodwin was] to pay $1,000 in monetary sanctions for the costs incurred in filing and appearing for presentation of the motion, or risk further sanctions, including dismissal of [Goodwin's] claims.

On March 30, [2016, Goodwin's] counsel emailed [Law Firm's] counsel with responses to [Law Firm's] interrogatories and expert interrogatories; the responses were not signed by counsel and not properly verified. [Law Firm] requested [Goodwin] submit proper, verified responses.

On April 8, 2016, [Law Firm] received responses to interrogatories and expert interrogatories that were signed by counsel, but that [Law Firm] believed were still not properly verified. On April 11, 2016, [Law Firm] received supplemental responses to interrogatories and written responses to the requests for production of documents. [Law Firm] also found these responses insufficient and deficient.

Around this time also, [Law Firm's] answer to [Goodwin's] complaint was due under orders of this court disposing of [Law Firm's] preliminary objections. [Law Firm] filed [its] answer to the complaint, with new matter, April 19, 2016.

On July 6, 2016, [Law Firm] filed a motion for further sanctions for [Goodwin's] failure to comply with the stipulated order for sanctions by consent signed by the court March 14 and entered March 15, 2016. The motion sought an order nonprossing the case, or alternatively precluding [Goodwin] from supporting [its] claims and from presenting testimony or evidence at trial, pursuant to provisions of [] Pennsylvania Rule[] of Civil Procedure

[] 4019(a) and (c), authorizing sanctions for violations of rules and orders concerning discovery.

The same day, [Law Firm] filed a motion to hold Amy Malti in contempt of a subpoena issued to her for the taking of her deposition. In responses to interrogatories, [Goodwin] had identified Malti as a source of information for facts alleged in the complaint.

On August 15, 2016, [Goodwin] answered the motion for further sanctions for failure to comply with the stipulated order imposing sanctions, defending [Goodwin's] responses to discovery as compliant. The court held a hearing on the motion August 18.

At the hearing, the parties first addressed the alleged deficiencies in the verifications supplied with [Goodwin's] responses to discovery. [Law Firm] argued the deficiencies in the verifications rendered [Goodwin's] responses to discovery useless, on two basic grounds: (1) the verifications stated that if the responses contained inconsistent averments of fact the signer had been unable after reasonable investigation to ascertain which of the inconsistent averments was true, but had knowledge or information sufficient to form a belief that one of them was true; however, the verifications did not specify what the inconsistent facts averred in the responses were[; and] (2) the verifications stated "[t]he language of this pleading is that of counsel and not of signer" so that the signer of the responses to discovery on behalf of [Goodwin] was not personally verifying them. (Presumably the "pleading" referred to in the verifications is the responses to discovery, although they are not a "pleading," [*see*] Pa.R.C.P. 1017.)

The parties at the hearing also addressed alleged deficiencies in [Goodwin's] responses to specific questions in the requests for discovery. These deficiencies were mainly that[:] (1) responses to specific interrogatories merely referred to the pleadings ([i.e., Goodwin's] complaint and answer to preliminary objections) for the answers[;] and (2) responses to requests for production of documents simply referred to the "entire discoverable file" as the documents responsive to the requests.

[Law Firm] also took issue with [Goodwin's] answer to an interrogatory asking [it] to "[s]tate the objective or goal of the representation which forms the basis of this action." [Law Firm] did not dwell at the hearing on the issue raised in the motion for further sanctions that "[Goodwin's answers to interrogatories]

identified Amy Malti, [Goodwin's] assistant, as a source of information for most of the events[,]" yet "Ms. Malti failed to appear in response to a subpoena for [her] deposition[.]" . . .

At the conclusion of the hearing, the court commented that it found [Goodwin's] verifications to the responses to discovery deficient. However, the court took the case under advisement for further study, and ordered a transcript of the hearing produced.

Memorandum & Order Sur Motion for Further Sanctions, 11/23/16, at 1-5 (citations to record and unnecessary capitalization omitted).

Following the August 18, 2016 hearing, Judge Smyth entered the order at issue in this appeal on November 23, 2016. Judge Smyth found Goodwin to be in violation of the court's November 10, 2015 and March 14, 2016 orders by providing insufficient verifications and stating that certain answers to discovery requests could be found within "the entire discoverable file." Consequently, the court imposed the following sanctions:

(1) [Goodwin] shall be precluded from offering or presenting at trial evidence or testimony responsive to any question posed in [Law Firm's] written interrogatories nos. 4-6, 8, 11, 13, 20, 25-29, 31-35, and 38[; and]

(2) [Goodwin] shall be precluded from offering or presenting at trial any documentary evidence or testimony concerning any document responsive to any of [Law Firm's] requests for production posed in [Law Firm's] written interrogatories nos. 1-9 and 11-16.[2]

*Id.* at 8 (unnecessary capitalization omitted).

On July 10, 2017, Law Firm filed a motion for summary judgment on the grounds that, due to Judge Smyth's preclusion order of November 23,

---

[2] Goodwin filed an appeal from the preclusion order, which was quashed as interlocutory. **See Goodwin, et al. v. Spall, et al.**, 42 EDA 2017 (Pa. Super. filed Nov. 23, 2016) (per curiam order).

2016, Goodwin could not prove any element of its legal malpractice and breach of contract claims. Following several stipulations to extend the response deadline, Goodwin filed an answer on August 1, 2018. Law Firm filed a reply to Goodwin's response, and Goodwin filed a sur-reply. On February 12, 2020, Judge Page granted Law Firm's motion for summary judgment.[3] Goodwin filed a timely notice of appeal on February 14, 2020.

Goodwin raises the following question for our review, *verbatim*: "Did the court of common pleas commit reversible error in entering deemed terminating sanctions?" Brief of Appellant, at 12 (unnecessary capitalization omitted).

We begin by noting that, while Goodwin's appeal is technically from the order granting summary judgment in favor of Law Firm, its issue on appeal relates solely to Judge Smyth's order precluding it from offering or presenting at trial certain evidence and/or testimony. "[A]n appeal of a final order

_____

[3] The delay in the court's ruling on Law Firm's motion for summary judgment was caused by Goodwin's attempt to discontinue its action. Specifically, on December 11, 2017, while Law Firm's summary judgment motion was pending, Goodwin filed a praecipe to mark the action settled, discontinued and ended. On April 23, 2018, Law Firm filed a petition to reinstate the case, in which it averred that, one month after filing the praecipe to discontinue, Goodwin filed a "nearly identical action" in Pike County. Petition to Reinstate, 4/23/18, at ¶ 40. Law Firm argued that Goodwin's discontinuance was improper, as dispositive motions were pending, and "[t]he only reasonable conclusion is [Goodwin] filed the discontinuance to avoid entry of judgment and to bring the identical claims in a [c]ourt where no preclusionary order existed." *Id.* at ¶ 41. In its response, Goodwin agreed to reinstatement of the action and, on June 11, 2018, the court issued an order reinstating the action and setting a date for Goodwin to file its response to Law Firm's motion for summary judgment.

subsumes challenges to previous interlocutory decisions," such as preclusion of evidence. *Snizavich v. Rohm & Haas Co.*, 83 A.3d 191, 194 (Pa. Super. 2013). "Generally, the appropriate appellate standard of review is the one pertaining to the underlying ruling." *Id.*

Here, Goodwin challenges the trial court's discovery sanctions order. "The trial court is responsible for overseeing discovery between the parties and therefore it is within that court's discretion to determine the appropriate measure necessary to insure adequate and prompt discovering of matters allowed by the Rules of Civil Procedure." *Berkeyheiser v. A-Plus Investigations, Inc.*, 936 A.2d 1117, 1125 (Pa. Super. 2007) (quotation marks and brackets omitted). The decision whether to sanction a party and, if so, the severity of such sanction, is vested in the sound discretion of the trial court. *Croydon Plastics Co., Inc. v. Lower Bucks Cooling & Heating*, 698 A.2d 625, 629 (Pa. Super. 1997). Absent a finding that the trial court abused its discretion, this Court will not reverse an order sanctioning a party that the trial court found necessary and proper. *Id.*

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the judgment is the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused. We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

*Eichman v. McKeon*, 824 A.2d 305, 312 (Pa. Super. 2003).

However, "heightened review is appropriate when scrutinizing an order which is tantamount to dismissal in that it leads to summary judgment being granted against the sanctioned party." *Id.*, citing *Stewart v. Rossi*, 681 A.2d 214, 217 (Pa. Super. 1996).

> Since the dismissal of an action is the most severe sanction [that] a trial court may impose, the court must carefully balance the equities of the particular case and "dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced." *Stewart*, [] 681 A.2d at 217. In order to facilitate a trial court in making this determination, this Court has identified several factors [that] must be weighed by the trial court prior to making its decision. Mindful, of course, that each factor represents a necessary consideration and not a necessary prerequisite, this Court has outlined the following factors:
>
> > (1) the nature and severity of the discovery violation;
> > (2) the defaulting party's willfulness or bad faith;
> > (3) prejudice to the opposing party;
> > (4) the ability to cure the prejudice; and
> > (5) the importance of the precluded evidence in light of the failure to comply.

*Croydon Plastics Co., Inc.*, 698 A.2d at 629.

Pennsylvania Rule of Civil Procedure 4006 provides that "[a]nswers to interrogatories shall be in writing and verified" and that "[e]ach interrogatory shall be answered fully and completely unless objected to" in the "space provided in the interrogatories." Pa.R.C.P. 4006(a)(1), (2). Answers must be served on the requesting party "within thirty days after the service of the interrogatories." *Id.* at (a)(2).

With regard to document requests, Pa.R.C.P. 4009.12 requires that, within thirty days of service of such request, a party must "serve an answer including objections to each numbered paragraph in the request" and "produce

or make available to the party submitting the request those documents and things described in the request to which there is no objection." Pa.R.C.P. 4009.12(a)(1), (2). The answer must be "in the form of a paragraph-by-paragraph response" which shall "identify all documents or things produced or made available." *Id.* at (b)(1).

Where a party fails to comply—or comply sufficiently—with discovery requests, a court may, on motion of the requesting party, make:

> (1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;
>
> (3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of *non pros* or by default against the disobedient party or party advising the disobedience;
>
> (4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010;
>
> (5) such order with regard to the failure to make discovery as is just.

Pa.R.C.P. 4019(c).

In his Pa.R.A.P. 1925(a) opinion, Judge Page addressed Goodwin's claim as follows:

In this case, [Goodwin] had several opportunities to avoid the imposition of the sanctions set forth in the court's order dated November 23, 2016. A year prior to the court's preclusion order, the court granted [Law Firm's] motion to compel in an order dated November 10, 2015, giving [Goodwin] twenty days to provide full and complete responses and responsive documents or risk sanctions by the court. [Goodwin] willfully failed to comply with the order of November 10, 2015, forcing [Law Firm] to file a motion for sanctions. [Goodwin's] second instance of noncompliance with discovery requests ultimately led this court to sign the stipulated consent order of March 30, 2016, requiring [Goodwin] to submit verified responses and produce responsive documents or risk further sanction, "including dismissal of [Goodwin's] claims." Despite already being under two orders to comply with [Law Firm's] discovery requests, [Goodwin] failed to comply fully once again, leading [Law Firm] to file a motion for further sanctions.

Here, the court found [Goodwin] in violation of the orders of November 10, 2015 and March 30, 2016 in two ways, although only imposed sanctions for one violation. First, the court found that [Goodwin's] verifications attached to their answers to [Law Firm's] discovery requests were deficient because they stated that the language of the responses was that of counsel, not the signer—in violation of Pa.R.C.P. 1024(a)'s requirement that averments or denials of fact be sworn or affirmed true "upon the signer's *personal* knowledge or information and belief." Pa.R.C.P. 1024(a) (emphasis added). Thus, the court ordered that [Goodwin's] verifications be treated as though the "offending language were removed" and the verification be treated as if "made upon the signer's personal knowledge or information and belief|.]" Second, [Goodwin] responded to several of [Law Firm's] requests for production of documents by replying that answers to questions are found within the pleadings or within the "entire discoverable file." The court characterized these responses [] as non-compliant with the two previous orders to "provide full and complete responses, without objection" and found sanctions appropriate under Pa.[]R.C.P. 4019.

When considering the factors espoused in ***Croydon Plastics Co.***, it is clear that the court was well within its discretion to issue the preclusion order. When considering the nature and severity of the discovery violations, they are extreme. The ability to seek responses to interrogatories and requests for production of documents form a significant part of the defense in any case.

- 10 -

Without those pieces of discovery, [Law Firm] are unable to pursue other avenues of discovery to prepare a defense, are unable to engage in settlement negotiations, and are unable to form a theory of their case. The defense is left with no means of refuting the plaintiff[']s version of events, the alleged extent of damages, and [] myriad [] other facts. The fact that [Goodwin] complied with some discovery requests does not excuse their other, more significant failures. Further, in this case, [Goodwin's] willfulness or bad faith was significant, with [Goodwin] engaging in a persistently negligent approach to discovery. Initial requests for discovery were completely ignored by [Goodwin], and subsequent orders mandating full and complete responses and documents were met with repeated untimely or incomplete answers. Perhaps most egregiously, [Goodwin] failed to provide full and complete responses to discovery despite knowing their responses to discovery had already become the subject of two orders under a prior motion to compel and motion for sanctions.

Third, [Law Firm was] severely prejudiced. The defense was unable to fully explore whether [Goodwin's] allegations could be refuted or supported. Fourth, [Law Firm] could not cure the prejudice without compliance by [Goodwin], who had already thrice failed to comply with [Law Firm's] requests for discovery and twice violated this court's explicit orders to "provide full and complete responses, without objection." Finally, the importance of the evidence that was excluded in light of the failure to comply, as already discussed, was enormous. Overall, [Goodwin] failed to facilitate meaningful discovery—in direct violation of two previous orders directing [Goodwin] to provide full and complete responses, without objection. The Court cannot permit [Goodwin] to disobey the deadlines set by the court and benefit from their failure to engage in good faith discovery, avoiding the clear consequences that are laid out for failure to comply. For all the factors considered, particularly the prejudice and the willfulness of the repeated noncompliance, the court did not abuse its discretion in precluding [Goodwin] from presenting evidence or testimony responsive to select discovery requests in their case.

Trial Court Opinion, 4/15/20, at 6-8 (unnecessary capitalization and citations

to docket omitted).

In light of Goodwin's repeated dilatory conduct and failure to provide

Law Firm with the discovery to which it was entitled, we can discern no abuse

of discretion in the trial court's decision to preclude Goodwin from presenting evidence relating to those discovery requests with which it failed to comply. Goodwin took nearly 1½ years to provide Law Firm with incomplete and insufficient responses, in violation of the Rules of Civil Procedure governing discovery, as well as multiple court orders directing it to submit full and complete responses. Goodwin answered numerous interrogatories simply by referring Law Firm to the pleadings filed of record, and responded to the majority of document requests by referring Law Firm to the "entire discoverable file," rather than the specific documents requested. These discovery requests went to the heart of Goodwin's causes of action against Law Firm, and Goodwin's failure to submit proper responses substantially hampered Law Firm's ability to prepare a defense to Goodwin's claims. *See Croydon Plastics Co.*, 698 A.2d at 630 (finding prejudice where defendant unable to marshal defense without knowledge of plaintiff's theory of case).

In sum, after ordering Goodwin to comply on multiple occasions, and unambiguously warning Goodwin of the possible imposition of additional sanctions, *including dismissal of its claims*, we find that the trial court acted within its discretion by entering the sanctions order. *Id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/28/21