J-A32023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RUBEN POLLOCK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| F & D INVESTORS, L.L.P. | : | No. 865 MDA 2017 |

Appeal from the Order Entered May 5, 2017
In the Court of Common Pleas of Berks County Civil Division at No(s): 16-14209

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 19, 2018**

Appellant, Ruben Pollock, appeals from the May 2, 2017 Order, discontinuing this case with prejudice.  After careful review, we reverse.

The facts of the underlying matter are largely immaterial to our disposition.  Briefly, on June 23, 2016, Appellant filed a Complaint in this premises liability action against Appellee, F & D Investors, L.L.P., after allegedly experiencing a slip and fall on February 9, 2016.  The trial court reinstated Appellant's Complaint on July 22, 2016, and again on November 29, 2016.

On December 19, 2016, Appellee filed an Answer to the Complaint and New Matter.  Appellant filed a Reply to the New Matter the next day. Appellee commenced discovery by requesting the production of documents and a first set of interrogatories.  The court scheduled a status conference for April 18, 2017.

_____

* Retired Senior Judge assigned to the Superior Court.

On January 31, 2017, Appellant answered Appellee's discovery incompletely. That same day, Appellee's counsel notified Appellant's counsel by letter that he must file full and complete discovery responses.

On March 6, 2017, Appellee filed a request for Appellant's authorization to obtain his medical records. Appellant failed to comply with this request even after Appellee served a second request on Appellant in April 2017.

On April 20, 2017, the trial court entered an Order for Continuance, rescheduling the scheduled status conference to May 2, 2017.

Appellant and his counsel failed to appear at the May 2, 2017 status conference. Accordingly, citing Appellant's failure to appear and noting that "no progress has occurred in this case recently," the trial court entered an Order ending and discontinuing this case with prejudice "for failure of [Appellant] to prosecute the matter."[1] Trial Ct. Order, 5/5/17, at 2.

On May 15, 2017, Appellant filed a Motion to Strike the Discontinuance with Prejudice and to Reinstate the Civil Action. On May 18, 2017, Appellee filed a Response to this Motion.

On May 30, 2017, Appellant filed a timely appeal to this Court.[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

_____

[1] The prothonotary entered this Order on the docket on May 5, 2017.

[2] On June 19, 2017,after Appellant had filed his Notice of Appeal, the court held a hearing on Appellant's Motion to Reinstate. On June 26, 2017,
*(Footnote Continued Next Page)*

Appellant raises the following two issues on appeal:

1. Whether the trial court abused its discretion and otherwise committed an error of law when it improperly discontinued [Appellant's] case?

2. Whether the trial court abused its discretion and otherwise committed an error of law when it improperly denied [Appellant's] Motion for Reinstatement?[3]

Appellant's Brief at 11.

In his first issue, Appellant challenges the court's decision to discontinue his case with prejudice as a discovery sanction pursuant to Pa.R.C.P. 4019(c)(5). Appellant argues that this action was inappropriate because he had not violated any order of court regarding discovery[4] and has subsequently provided Appellee with the authorizations necessary to obtain his medical records. *Id.* at 20, 22-23. He claims that, by providing Appellee with the discovery materials it demanded, he has cured any possible

*(Footnote Continued)* ————————————

Appellant complied with Appellee's discovery request for medical authorizations. On July 6, 2017, the court denied Appellant's Motion for Reinstatement. On July 11, 2017, Appellant satisfied all other outstanding discovery requests. On July 14, 2017, Appellant filed a Motion for Reconsideration of the court's Order denying his Motion for Reinstatement. On July 24, 2017, the court denied Appellant's Motion for Reconsideration.

[3] We observe that Appellant filed his Notice of Appeal on May 30, 2017, which divested the trial court of jurisdiction over the instant matter. Thus, the trial court's July 6, 2017 Order denying Appellant's Motion for Reinstatement is a legal nullity. Accordingly, we decline to address the merits of this issue.

[4] Appellant notes that Appellee never filed a Motion to Compel Discovery. Appellant's Brief at 26.

- 3 -

prejudice suffered by Appellee. *Id.* at 21, 23-24, 27. With respect to counsel's failure to appear at the status conference, Appellant avers that neither he nor his counsel were acting in bad faith, but that this failure was "obviously inadvertent" and due to ambiguity in the court's Order and counsel's scheduling error. *Id.* at 22, 25-26. Thus, Appellant argues, the court should have imposed a less punitive sanction as fault lies with Appellant's counsel and not Appellant himself. *Id.* at 27.

Generally, the imposition and severity of sanctions for a party's failure to comply with discovery is subject to the trial court's discretion. *See Reilly v. Ernst & Young, LLP*, 929 A.2d 1193, 1199 (Pa. Super. 2007) (*en banc*). Where, however, the trial court enters a sanction that terminates the underlying litigation, we apply a strict scrutiny standard of review. *Steinfurth v. LaManna*, 590 A.2d 1286, 1288 (Pa. Super. 1991); *see also Rohm and Haas Co. v. Lin*, 992 A.2d 132, 141-42 (Pa. Super. 2010) (holding appellate review stringent where a default judgment is entered as a discovery sanction).

As this Court recognized in *Stewart v. Rossi*, 681 A.2d 214, 217 (Pa. Super. 1996), "since dismissal is the most severe sanction, it should be imposed only in extreme circumstances, and a trial court is required to balance the equities carefully and dismiss only where the violation of the discovery rules is willful and the opposing party has been prejudiced." Our Supreme Court reaffirmed in *City of Philadelphia v. FOP Lodge No. 5 (Breary)*, 985 A.2d 1259, 1270 (Pa. 2009), that it "highly disfavor[ed]

dismissal of an action . . . as a sanction for discovery violations absent the most extreme of circumstances." It also adopted, for "trial and appellate courts alike," the factors this Court has developed and applied in "determining the general severity and vitality of a discovery sanction[.]" *Id.* Those factors include:

> (1) the prejudice, if any, endured by the non-offending party and the ability of the opposing party to cure any prejudice;
>
> (2) the noncomplying party's willfulness or bad faith in failing to provide the requested discovery materials;
>
> (3) the importance of the excluded evidence in light of the failure to provide the discovery; and
>
> (4) the number of discovery violations by the offending party.

*Id.*

As our High Court noted in *City of Philadelphia*, *supra*, when the discovery sanction either terminates the action directly or would result in its termination by operation of law, the first two factors assume greater significance.

In its Rule 1925(a) Opinion, the court noted that it dismissed Appellant's case pursuant to Pa.R.C.P. No. 4019(c)(5), which governs discovery sanctions. Rule 4019(c)(5) provides: "[t]he court, when acting under subdivision (a) of this rule, may make such order with regard to the failure to make discovery as is just." Pa.R.C.P. No. 4019(c)(5). Subdivision (a) states that, under circumstances delineated therein, "[t]he court may, **on motion**, make an appropriate order. Pa.R.C.P. No. 4019(a) (emphasis

added). Here, we observe that there is no evidence in the record that the trial court entered its Order discontinuing this action in response to a motion filed by Appellee.

In support of its Order, the trial court cited the following as reasons justifying the dismissal of Appellant's case: (1) Appellant's failure to "provide any requested discovery since January 31, 2017;" (2) Appellant's failure "to respond to additional requests for the same discovery when [Appellee's] counsel personally contacted him;" (3) Appellant's failure to "raise any objections to the discovery" or seek a protective order; and (4) Appellant's "failure to appear for a status conference to set deadlines." Trial Ct. Op., 7/10/16, at 3-4.

We find the trial court's rationale unconvincing. Upon considering the factors outlined in *City of Philadelphia*, in particular the first two factors, we conclude that the trial court abused its discretion in discontinuing Appellant's case with prejudice.

The trial court noted in its Order that, by the time of the May 2, 2017 hearing at which Appellant failed to appear, "no progress has occurred in this case recently." Trial Ct. Order at 2. A review of the record indicates that the Prothonotary reinstated Appellant's Complaint for the second time on November 29, 2016, and within approximately two months, the parties had exchanged Answers and New Matter, and Appellee had served interrogatories on Appellant. On January 31, 2017, Appellant provided partial Answers to Appellee's interrogatories. Over the course of March and

April 2017, Appellee's counsel frequently communicated with Appellant's counsel concerning the deficiencies in Appellant's discovery responses and Appellant's failure to authorize Appellee to obtain his medical records. Notably, fewer than six months had passed since the prothonotary reinstated Appellant's Complaint for the second time and only approximately three months had passed between the time Appellant answered Appellee's Interrogatories, albeit incompletely, and the May 2, 2017 status conference at which the court discontinued the action due to an alleged "lack of progress."

Moreover, Appellant's argument that the sanction imposed by the court was excessively severe given that he did not violate an order of court is compelling. Despite Appellee's counsel's expressed concerns that Appellant was failing to respond to its discovery requests, at no time did Appellee seek an order from the court to compel Appellant's compliance or for sanctions. In fact, Appellee states that it "had intended to use the scheduled conference to discuss the outstanding discovery and reach an amicable solution so as to avoid judicial intervention with a Motion to Compel." Appellee's Brief at 4.

There is no evidence of record, finding by the court, or allegation by Appellee that, at the time of the May 2, 2017 hearing, Appellant's failure to provide prompt responses to Appellee's discovery requests had prejudiced Appellee. *See City of Philadelphia*, 985 A.2d at 1270. There is likewise no evidence, finding, or allegation that Appellant acted willfully or in bad

faith when failing to provide the requested discovery materials. ***Id.*** Accordingly, and in light of the fact that the court had not entered an Order directing Appellant to comply with Appellee's discovery requests, we conclude that the trial court abused its discretion in imposing the extreme sanction of dismissing Appellant's Complaint.

Order reversed. Complaint reinstated. Jurisdiction relinquished.

Judge Ott joins this memorandum.

Judge Strassburger files a concurring/dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/19/2018